UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEWAYNE THOMPSON,

           Petitioner,

    v.

J. MACOMBER,

           Respondent.

No. 2:14-cv-1787-GEB-GGH

ORDER AND FINDINGS AND RECOMMENDATIONS

Introduction

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 18, 2014, the court ordered respondent to file a response to the petition by October 17, 2014. ECF No. 6. Having received no such response, the court, on October 22, 2014, ordered respondent to, within seven days, file an answer to the petition or a motion to dismiss and to show cause in writing why sanctions should not be imposed for his failure to comply with the court's August 18, 2014 order. ECF No. 11. On October 29, 2014, respondent filed a motion to dismiss on the ground that the federal habeas action is procedurally barred (ECF No. 12) and a response to the court's order to show cause stating that the failure to file a response to the petition arose out of inadvertent administrative error and not bad faith or willful disobedience (ECF No. 13). Because respondent has timely responded to the court's October 22, 2014 order and has shown sufficient cause for his failure to comply with

1

1    court's August 18, 2014 order, the order to show cause will be discharged and sanctions will not

2    be imposed.  Remaining is respondent's motion to dismiss and the undersigned now issues the

3    following findings and recommendations granting respondent's motion to dismiss.[1]

4    Background

5          Petitioner commenced this action by filing a petition for writ of habeas corpus,

6    challenging a prison rules violation report ("RVR") following a prison disciplinary conviction on

7    the charge of indecent exposure.  Petitioner claims he was deprived of investigative assistance,

8    denied the opportunity to call a witness, and denied the opportunity to speak at the hearing.  ECF

9    No. 1 at 2.

10          Petitioner filed three petitions for writ of habeas corpus in state court.  First, petitioner

11    filed a petition for writ of habeas corpus in the Sacramento County Superior Court, which was

12    denied on the merits.  Next, petitioner filed a petition for writ of habeas corpus in the California

13    Court of Appeal for the Third Appellate District, which was denied without comment or citation.

14    Finally, petitioner filed a petition for writ of habeas corpus with the California Supreme Court.

15    The California Supreme Court denied that petition with citations to In re Clark, 5 Cal. 4th at 767–

16    69 and In re Dexter, 25 Cal. 3d 921, 925.  (Resp't's Mot. to Dismiss Ex. 2.)  Petitioner

17    subsequently filed his federal habeas petition in this court.

18    Discussion

19          Respondent contends the federal petition is procedurally barred because the California

20    Supreme Court denied petitioner's state court habeas petition on the grounds that it was filed after

21    an unreasonable delay and petitioner failed to show he exhausted his administrative remedies.

22    Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's

23    claims if the state court decision denying relief rests on a state law ground that is independent of

24    federal law and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 111 S.

25    Ct. 2546, 2554 (1991); Harris v. Reed, 489 U.S. 255, 260–62, 109 S. Ct. 1038 (1989).  Generally,

26

27    [1]  Petitioner filed a document entitled "Motion for Default Judgment" wherein he comments on
respondent's written response to the court's order to show cause. ECF No. 15.  The undersigned

28    construes that document as such and not as an actual motion for default judgment.

the only state law grounds meeting these requirements are state procedural rules.  However, the procedural basis of the ruling must be clear.  Ambiguous reference to procedural rules is insufficient for invocation of procedural bar.  Calderon v. United States District Court (Bean), 96 F.3d 1126, 1131 (9th Cir. 1996).  Similarly, where the procedural and merits analysis are intermixed, it cannot be said that the procedural bar is independent of federal law, *i.e.*, there is no plain statement of reliance on procedural bar.  Harris, 489 U.S. at 273–74, 109 S. Ct. at 1049.

Respondent first contends the California Supreme Court's citation to In re Clark, 5 Cal. 4th 750, 767–69 (1993) was a denial on the ground of unreasonable delay.  The Supreme Court has held that California's timeliness requirement for state habeas petitions, pursuant to which a petitioner must seek relief without "substantial delay," constitutes an adequate and independent state law ground to deny a state habeas petition.  Walker v. Martin, 131 S.Ct. 1120, 1125 (2011).  The Supreme Court explained:

> While most States set determinate time limits for collateral relief applications, in California, neither statute nor rule of court does so. Instead, California courts "appl[y] a general 'reasonableness standard'" to judge whether a habeas petition is timely filed. Carey v. Saffold, 536 U.S. 214, 222, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). The basic instruction provided by the California Supreme Court is simply that "a [habeas] petition should be filed as promptly as the circumstances allow ...." Clark, 5 Cal.4th, at 765, n. 5, 21 Cal.Rptr.2d 509, 855 P.2d, at 738, n. 5.
>
> Three leading decisions describe California's timeliness requirement: Robbins, Clark, and In re Gallego, 18 Cal.4th 825, 77 Cal.Rptr.2d 132, 959 P.2d 290 (1998). A prisoner must seek habeas relief without "substantial delay," Robbins, 18 Cal.4th, at 780, 77 Cal.Rptr.2d 153, 959 P.2d, at 317; Gallego, 18 Cal.4th, at 833, 77 Cal.Rptr.2d 132, 959 P.2d, at 296; Clark, 5 Cal.4th, at 783, 21 Cal.Rptr.2d 509, 855 P.2d, at 750, as "measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim," Robbins, 18 Cal.4th, at 787, 77 Cal.Rptr.2d 153, 959 P.2d, at 322. Petitioners in noncapital cases have "the burden of establishing (i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness." Id., at 780, 77 Cal.Rptr.2d 153, 959 P.2d, at 317.

Id.

In re Clark discusses several procedural bars, including unreasonable delay.  However, the pages to which the California Supreme Court cited in denying petitioner's state habeas petition

1    discuss the rule against repetitious and successive petitions—not the procedural rule requiring

2    petitioner to seek habeas relief without "substantial delay."  See id. at 767 ("It has long been the

3    rule that absent a change in the applicable law or the facts, the court will not consider repeated

4    applications for habeas corpus presenting claims previously rejected.").[2]  It may very well be that

5    the court committed clerical error but the undersigned cannot assume as much.  See Ylst v.

6    Nunnemaker, 501 U.S. 797, 803 ("Where there has been one reasoned state judgment rejecting a

7    federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest

8    upon the same ground.").  As such, petitioner's claim is not procedurally barred for substantial

9    delay at the state court level.

10          Respondent also contends the California Supreme Court's citation to In re Dexter, 25

11   Cal.3d 921, 925–26 (1979) was a denial on the ground that petitioner failed to show he exhausted

12   his administrative remedies.  California's administrative exhaustion rule is based solely on state

13   law and is therefore independent of federal law.  See Carter v. Giurbino, 385 F.3d 1194, 1197

14   (9th Cir. 2004) ("A state ground is independent only if it is not interwoven with federal law.");

15   see also Cal.Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action,

16   condition, or omission by the department or its staff that the inmate or parolee can demonstrate as

17   having a material adverse effect upon his or her health, safety, or welfare.").  District courts in

18   California have consistently held that if the California Supreme Court denies a petition with a

19   citation to In re Dexter federal habeas review is procedurally barred because California's

20   administrative exhaustion rule is both independent of federal law and adequate to support the

21   state court judgment.  See, e.g., Riley v. Grounds, No. C-13-2524 TEH (PR), 2014 WL 988986 at

22   *4 (N.D. Cal. March 11, 2014) (granting motion to dismiss petition as procedurally barred in light

23   of California Supreme Court summary denial with a citation to In re Dexter); Yeh v. Hamilton,

24   1:13-cv-00335 AWI GSA HC, 2013 WL 3773869 at **2–3 (E.D. Cal. July 17, 2013) (petitioner's

25   claims procedurally barred after California Supreme Court denied state petition with citation to In

26

27   _____

     [2]  A heading on page 767 includes the word "delay" along with successive petition issues, but the
28   entire discussion on the pages cited refer only to successive petition.  The discussion about delay
     occurs much later in the case.

re Dexter); <u>Foster v. Cate</u>, 1:12-cv-01539 AWI BAM HC, 2013 WL 1499481 at **3–4 (E.D. Cal.

April 11, 2013) (California Supreme Court's citation to <u>In re Dexter</u> is both independent and

adequate and therefore respondent is correct that federal habeas review is procedurally barred);

<u>Chatman v. McDonald</u>, No. 2:08–cv–2054 KJM EFB P, 2012 WL 6020030 at *2 (E.D.Cal.

Dec.3, 2012) ("Because [exhaustion of administrative remedies] is an adequate and independent

state law ground for denying him relief, this court may not reach the merits of petitioner's claims .

. . ."); <u>Garner v. Yates</u>, No. 1:11–cv–02051 LJO GSA HC, 2012 WL 1192847 at **4–5 (E.D.Cal.

Apr.10, 2012) (federal habeas review is barred because California Supreme Court denied his

petition with citation to <u>In re Dexter</u>, which is an independent and adequate state procedural

ground); <u>McCann</u>, 2011 WL 6750056 at **3–4 (claims procedurally barred because <u>In re Dexter</u>

administrative exhaustion rule is both independent and adequate).

   In light of the California Supreme Court's citation to <u>In re Dexter</u> in its summary denial of

petitioner's state court petition, the undersigned finds that the state decision rested on an

independent and adequate state ground.  Having so found, the court may still consider petitioner's

claims if he demonstrates: (1) cause for the default and actual prejudice resulting from the alleged

violation of federal law, or (2) a fundamental miscarriage of justice. <u>Harris</u>, 489 U.S. at 262, 109

S.Ct. at 1043.  The existence of cause for a procedural default must ordinarily turn on whether the

prisoner can show that some objective factor external to the defense impeded counsel's efforts to

comply with the State's procedural rule.  <u>McCleskey v. Zant</u>, 499 U.S. 467, 493–94, 111 S.Ct.

1454, 1476, 113 L.Ed.2d 517 (1991).  Examples of cause include showings "that the factual or

legal basis for a claim was not reasonably available to counsel," "that some interference by

officials made compliance impracticable," or "of ineffective assistance of counsel." <u>Murray v.</u>

<u>Carrier</u>, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).  Prejudice is difficult to

demonstrate:

> The showing of prejudice required under <u>Wainwright v. Sykes</u> is
> significantly greater than that necessary under "the more vague
> inquiry suggested by the words 'plain error.'" <u>Engle</u>, 456 U.S., at
> 135, 102 S.Ct., at 1575; <u>Frady</u>, <u>supra</u>, 456 U.S., at 166, 102 S.Ct., at
> 1593. <u>See also</u> <u>Henderson v. Kibbe</u>, 431 U.S. 145, 154, 97 S.Ct.
> 1730, 1736, 52 L.Ed.2d 203 (1977). The habeas petitioner must
> show "not merely that the errors at ... trial created a possibility of

prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Frady</u>, <u>supra</u>, at 170, 102 S.Ct., at 1596

<u>Id.</u> at 493–494, 106 S.Ct. at 2648.

Petitioner made no effort to show cause for his failure to exhaust his administrative remedies. Instead, petitioner insists that he timely filed his state court petitions. These assertions miss the mark of demonstrating cause to set aside a procedural default. As such, the undersigned finds that petitioner's federal petition is procedurally barred. Respondent's motion to dismiss should be granted.

ACCORDINGLY, IT IS ORDERED that by a response filed on October 29, 2014, respondent has discharged the show cause order, filed on October 22, 2014 (ECF No. 11), and the court will not impose sanctions upon respondent.

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss the petition as procedurally barred, filed on October 29, 2014 (ECF No. 12), be granted;

2. This action be dismissed with prejudice; and

3. The District Court decline to issue a certificate of appealability;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 13, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:016:thom1787.mtd